IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YU XIE YU, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARSHALLS DISTRIBUTION | : | |
| CENTER, | : | No. 11-7797 |
|     Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                    February 24, 2012

Yu Xie Yu claims that her employer, Marshalls Distribution Center ("Marshalls"), discriminated against her because she is of Asian descent. She filed this lawsuit under 42 U.S.C. § 1981 to vindicate her rights. Marshalls moved to dismiss the Complaint for failure to state a claim. Yu's response includes a request to allow her to file an Amended Complaint. For the reasons that follow, the Court will grant that request and therefore deny the motion to dismiss as moot.

**I.**     **BACKGROUND**

Yu, a female United States citizen of Asian descent, "was treated discriminatorily based upon her race and suffered wrongful termination as a result thereof." (Compl. ¶¶ 1, 6.) She began work at Marshalls prior to June 2010.[1] (*Id*. ¶ 9.) Though she performed her duties competently, she was "treated disparately from her non-Asian co-workers, based upon her race, about which fact plaintiff complained." (*Id*. ¶¶ 10-11.) Yu claims that she and other Asian co-workers were subjected to

---

[1] Plaintiff's response muddies the water because it states "plaintiff commenced her employment with Defendant in June 2010." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 1.) The Court trusts that these inconsistent statements regarding when Plaintiff began working for Defendant will be cleared up in an Amended Complaint.

harsher discipline and scrutiny by supervisors than non-Asians workers. (*Id*. ¶¶ 12-13.) Finally, on June 12, 2010, "Plaintiff was subject to unreasonable and disparate discipline which led to her termination based upon her allegedly having 'run in the lunchroom.'" (*Id*. ¶ 15.) Yu brings a claim for violation of 42 U.S.C. § 1981 and for retaliation under the same statute.

**II.   DISCUSSION**

Before addressing the merits of the arguments before it, the Court will briefly address a concern that has arisen at this early stage of litigation. Including the caption, the signature block, and the half page spent explaining the legal standard the Court must use for a motion to dismiss for failure to state a claim, the response filed by Plaintiff's lawyer is three pages. While this Court generally favors brevity, sacrificing substance for conciseness is not a fair trade. The response contains no legal citations other than those related to the standard of review. Despite the absence of legal argument, the response was inexplicably filed six days late. The failure to timely file a response to a motion to dismiss is a basis for the Court to grant the motion as uncontested. *See* E.D. Pa. L.R. 7.1(c). The Court trusts that these failures will not occur again during this litigation.

Marshalls argues that Plaintiff's Complaint includes only conclusory allegations and generic facts lacking any specificity that could survive a motion to dismiss. Defendant also contends that Plaintiff's Complaint includes no allegations that suggest discrimination or explain how Plaintiff was treated differently than her non-Asian colleagues. (Def.'s Mem. of Law in Supp. of its Mot. to Dismiss the Compl. at 6-8.) Marshalls also takes aim at Plaintiff's retaliation claim, noting that Yu failed to allege that she was terminated in retaliation for complaining about discrimination or even specify when she complained about discrimination, to whom she complained, or that she engaged

in protected activity. (*Id*. at 8-9.)

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001).  A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Simply reciting the elements will not suffice. *Id*. (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

Oddly, Plaintiff's counsel begins the response by noting that Plaintiff exhausted her administrative remedies, but the only two counts in the Complaint arise under 42 U.S.C. § 1981, a statute with no exhaustion requirement. *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) ("Since no federal agency has even been authorized to review [claims brought under

42 U.S.C. § 1981], an attempt to obtain administrative relief cannot be a prerequisite to action in the district court.").

The Complaint in its current form cannot survive a motion to dismiss. First, the Court is not permitted to accept the legal conclusion that Defendant ultimately discriminated against Plaintiff to further a pattern or practice of such discrimination against Asians. Second, Plaintiff's argument that she was treated differently because of her race is nothing more than a legal conclusion which assumes the very outcome for which she must–yet failed to–include factual allegations. Stripped bare of its already thin attire, Plaintiff argues that she was discriminated against because she was discriminated against. The Complaint offers no factual allegations that, taken as true, would lead this Court to believe Yu was discriminated against because she is Asian or retaliated against because she engaged in protected activity. In the Complaint's current form, Defendant cannot provide a coherent answer to Plaintiff's Complaint, nor can the Court determine the validity of the claims.

Not all is lost for Plaintiff, however. Counsel wisely asked for the opportunity to file an Amended Complaint. A litigant whose civil rights complaint is dismissed for lack of factual specificity should be afforded the chance to amend the complaint. *See Kundratic v. Thomas*, 407 F. App'x 625, 629-30 (3d Cir. 2011). Therefore, the Court will treat Plaintiff's response to Defendant's motion to dismiss as a motion for leave to amend, which the Court will grant. An Order consistent with this Memorandum will be docketed separately.